SCHWARTZ, Senior Judge.
The juvenile appellant was adjudicated delinquent on the basis of several violations of the law only one of which is challenged on this appeal. We uphold his contention that he was improperly found guilty of carrying a concealed weapon under section 790.01(1), Florida Statutes (2009). The so called “weapon” was a BB gun which lacked a C02 air cartridge, was not loaded with pellets, and as to which there was no testimony describing its operation or the nature and characteristics of the injuries, if any, it was capable of inflicting. As we held in the virtually identical case of E.S. v. State, 886 So.2d 311 (Fla. Bd DCA 2004), this showing was insufficient as a matter of law to establish, as required, that the instrument was indeed a “deadly weapon.” § 790.001(13), Fla. Stat. (2009) (defining “weapon” as any of several enumerated items not including a BB gun or “other deadly weapon”). There, as here, the BB gun had no cartridge or pellets, and, although it was introduced in evidence, there was no testimony regarding its operation.[1] We follow E.S. in reversing the challenged adjudication. Accord K.C. v. State, 49 So.3d 841, 843 (Fla. 4th DCA 2010) (reversing adjudication on the ground that “there was no evidence that [the BB gun] was loaded and no testimony describing the BB gun’s operation or the nature and character of injuries it was capable of inflicting”).
The remaining adjudications are affirmed.
Affirmed in part, reversed and remanded for dismissal in part.

. On this issue, the arresting officer testified only that a BB gun ''[i]s propelled by an air cartridge,” and "the bullets for this gun are actually pellets that are loaded from the top.”